NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KENNETH MANDELBAUM, individually, and KAM MANAGEMENT, LLC, | Hon. Harold A. Ackerman |
|  | Civ. No. 05-4052 (HAA) |
| Plaintiffs, | |
|  | **OPINION AND ORDER** |
| -v.- | |
| TOM HORNSTEIN, individually, and HORN COMPANIES, LLC, | |
| Defendants. | |

Philip G. Ray, Esq.
MANDELBAUM, SALSBURG, GOLD, LAZRIS,
DISCENZA & STEINBURG, P.C.
155 Prospect Avenue
West Orange, New Jersey 07052
*Attorneys for Plaintiffs*

David A. Van Grouw, Esq.
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, New Jersey 07068-1791
*Attorneys for Defendants*

**ACKERMAN, Senior District Judge:**

      This matter comes before the Court on Defendants' motion to dismiss for improper

venue, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, or, in the alternative,

1

for transfer of this matter to the Northern District of New York, pursuant to 28 U.S.C. § 1404(a). Plaintiffs Kenneth Mandelbaum and KAM Management, LLC ("KAM") commenced this action against Defendants Thomas O. Hornstein, and Horn Companies, LLC ("Horn LLC").

Defendants also move pursuant to Rule 12(b)(6) to dismiss Mandelbaum's claims because Mandelbaum is not a party to the contract between KAM and Hornstein, and to dismiss counts one, three, and four as against Horn LLC upon the basis that Horn LLC was not a party to the contract between KAM and Hornstein.

For the following reasons, Defendants' Rule 12(b)(3) motion to dismiss for improper venue is GRANTED.  Additionally, the Court exercises its discretion to transfer this case to the Northern District of New York, pursuant to § 1406(a).  Accordingly, this Court need not address Defendants' other arguments for dismissal.

## BACKGROUND

Mandelbaum, the president and sole member of KAM and a New Jersey resident, has regularly engaged in the real estate brokerage business in New Jersey.  KAM's business, located in Millburn, New Jersey, involves the investment in and management of real estate property. Hornstein, a resident of New York, is a duly licensed real estate broker in the state of New York. Horn LLC is a company formed under the laws of New York and engaged in the business of real estate brokerage.

Mandelbaum became acquainted with Hornstein in or around October 2002.  Thereafter, they began to discuss the possibility of forming a joint venture with the intention of locating and developing real estate or alternatively working jointly as real estate brokers for commission.

KAM and Hornstein executed an eighteen-month agreement on November 25, 2002. Mandelbaum, on behalf of KAM, sent the letter agreement to Hornstein in Dewitt, New York, who then signed and returned it to KAM in New Jersey.[1]

Under the contract, Hornstein was to establish an office in Syracuse to "maintain [his] New York State broker's license and 'errors and omissions insurance,'" and to locate real estate opportunities. (Mandelbaum Decl., Ex. A, ¶ 1). Hornstein then was to present those opportunities to KAM for the purpose of developing them together or otherwise acting jointly as brokers in obtaining commissions from them. Hornstein would remit brokerage commissions earned, and in exchange, he would receive an annual consultation fee and a percentage of commissions and fees generated. Pursuant to the agreement, KAM compensated Hornstein in excess of $337,500 over the course of their relationship under the agreement.

The term of the agreement was from December 1, 2002, through May 31, 2004, with automatic renewal absent sixty days written notice of termination. By a letter dated March 25, 2004, KAM provided notice of termination to Hornstein in Dewitt, New York. On August 17, 2005, Plaintiffs filed their Complaint in this Court, alleging that Defendants failed to forward some of the commissions generated under the agreement to them. Plaintiffs based federal jurisdiction on diversity pursuant to 28 U.S.C. § 1332, and venue upon 28 U.S.C. § 1391(a)(2). On December 2, 2005, Defendants filed the instant motion in lieu of an Answer.

---

[1] The agreement signed by Hornstein and Mandelbaum, on behalf of KAM, makes no specific mention of Horn Companies.

*ANALYSIS*

### *I. Improper Venue*

Federal Rule of Civil Procedure 12(b)(3) permits a court to dismiss a complaint, or a count therein, for improper venue. Section 1391(a) of Title 28 of the U.S. Code provides, in pertinent part, that:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . .

28 U.S.C. § 1391(a).

"The test for determining venue [under Section 1391(a)(2)] is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim.'" *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). Moreover, the statute also demands that those events or omissions be substantial. "In assessing whether events or omissions giving rise to the claims are substantial, it is necessary to look at the nature of the dispute." *Id.* at 295.

When an action is based on a contract dispute, "courts consider a variety of factors in determining whether venue is proper under § 1391(a)(2), including (1) where the contract was negotiated or executed; (2) where the contract was to be performed; and (3) where the alleged breach occurred." *Kirkpatrick v. The Rays Group*, 71 F. Supp. 2d 204, 212 (W.D.N.Y. 1999) (internal quotes omitted). Additionally, where the alleged harm occurred is also relevant for purposes of venue. *Id.* Although venue restrictions are meant to protect the defendant against facing an inconvenient or unfair place of trial, oftentimes more than one forum is appropriate,

and it is not required that the plaintiff choose the "best" forum or the one most convenient for the defendant.  *Cottman*, 36 F.3d at 294; *see also Walkill 5 Assocs. II v. Tectonic Eng'g P.C.*, 1997 WL 452252 (D.N.J. 1997); *Nat'l Micrographics Sys., Inc. v. Canon U.S.A.*, 825 F. Supp. 671, 679 (D.N.J. 1993).

Plaintiff's argument regarding substantiality focuses on Defendants' alleged failure to remit brokerage commissions.  Plaintiffs argue that the failure to remit the commissions occurred in New Jersey because that is where they were allegedly due.  For this proposition, Plaintiffs cite a Southern District of Florida case, *Burger King Corp. v. J.T. Thomas*, 755 F. Supp. 1026 (S.D. Fl. 1991), which declares that "federal courts generally hold that failure to make payments in a particular district pursuant to a contract constitutes a breach of contract" in that district.  *Id.* at 1029.  The *Burger King* court does not, however, cite any supporting authority regarding the "federal courts generally" nor has any court ever cited *Burger King* for this proposition.  Therefore, without more, this Court finds *Burger King* neither controlling nor persuasive.

Moreover, the other factors relevant to a substantial contacts analysis do not fall easily in the New Jersey column.  That is, each party to this dispute signed the contract in his respective state, thus making this factor a draw at best.  In addition, the contract has almost everything to do with New York and virtually nothing to do with New Jersey.  Indeed, the only New Jersey connection is that Plaintiffs are located in New Jersey and thus Defendants are to send commissions to New Jersey.  Arguably, if Plaintiffs moved to California, Defendants would then be required, under the terms of the contract, to remit payments to Plaintiffs' new location in California.  Plaintiffs' argument, by extension, means that a breach of the contract would occur in California simply because Plaintiffs would have moved there.  It defies logic to contend that

5

venue would be proper in California based upon the sole fact that Plaintiffs' new mailbox would be located there.

Instead, on balance, it would appear that a substantial part of the events or omissions giving rise to the claim occurred in New York, and not New Jersey. While the Court recognizes that "a substantial part of the events or omissions" giving rise to the claim could occur in more than one judicial district, that is not the case here. If Defendants owe Plaintiffs any monies, it is a result of real estate transactions that occurred in New York (and possibly Connecticut). Plaintiffs do not allege that the monies allegedly owed resulted from any transaction in New Jersey. Accordingly, this Court finds that the District of New Jersey is an improper venue for this action.

### II. Transferring Venue

Section 1404(a) of Title 28 of the U.S. Code, "provides for the transfer of a case where both the original and the requested venue are proper." *Jumara v. State Farm Insurance Co.*, 55 F.3d 873, 878 (3d Cir. 1995). "Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case." *Id*. Because New Jersey was an improper venue, this Court has no authority to consider Defendants' motion to transfer to the Northern District of New York pursuant to section 1404(a).

However, § 1406(a) provides the district court with the discretion, upon a finding that a case was filed improperly in that venue, to transfer the case to "any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiffs' Complaint states that Horn LLC is located in Dewitt, New York, but never indicates the specific location of Hornstein as an individual,

other than the State of New York.  Hornstein's declaration, however, does state that both he and Horn LLC are residents of Onondaga County in the State of New York. (Hornstein Decl. ¶¶ 2-3.) Dewitt, New York is located in Onondaga County, which is located in the Northern District of New York.  It thus appears indisputable that venue would be proper in the Northern District of New York.  Therefore, pursuant to § 1406(a), this Court exercises its discretion to transfer this case to the Northern District of New York.

### *Conclusion*

For the foregoing reasons, Defendants' motion to dismiss for improper venue is GRANTED.  Pursuant to 28 U.S.C. § 1406(a), the Court hereby TRANSFERS this case to the Northern District of New York.


Newark, New Jersey
Dated: October 23, 2006

/s Harold A. Ackerman
U.S.D.J.
